Timothy Dupont  PRO-SE

district court of united States

Timothy Dupont

V.

State of New Hampshire

January 20, 2004

## Motion to create a panel of three Judges on these Constitutional Issues.

### 1. A violation of the sixth amendment of the United States Constitution.

(a). The action of the trial judge William Groff. His impartiality is highly questionable. Transcript records dated on January 12, 2001, shows the act of trial Judge broke the sanity of the jury room during deliberations, when he entered without counsel present and or without any public record of what was said during this encounter with the jurors. We believe this was a due process violation which is protected by the United States Constitution 5th, 6th, and the 14th amendment. As well as fundamentally unfair and not equal protection under the law.

The sixth amendment provides that a criminally accused individual has a right to a fair trial by a impartial juror. (Wells v. Murray 831 fed 468,472,; 4th Cir. 1997)

Contact between the Judge and Juror raises special considerations. A Judge has a discretion in replying to request or inquires from the jury, but should consult before responding and should only do this in open court. U.S. v. Rivera Santingo, 107 fed 960 (1st Cir ) 1997.

"Holding that a new trial should be granted where a Judge visited the Jury room, not withstanding his motive was honest and his communication with the Jury was limited to his telling them that they desired and information on matters of law they should come to the Court and ask for it. The Court in Hoberg v. State Minn. (1959) 3 Minn 262. Said that a Judge has no more right to communicate with the Juror after he has retired them or any other person and the Court must look upon, the Judge visits in this case in the same light that it would view the entry of any third person into the Jury room while the Jury was in consultation. The Court stated that the Judge can have no communication with the Jury, nor give them the least information, accept in open court, in the presence of or after due notice of the district attorney and the prisoner or his counsel. The Court concluded that it could not guard so dangerous a practice as was stricken. " Reversible error was held to have resulted from a Judicial visit to the jury room during deliberations in State v. Mims (1975) 306 Minn 159, 235 NW2d 381."

Contamination by extraneous influences.(Remer v. U.S.) The Supreme Court held that an unproved private communication, contact or tampering with the juror during a criminal trial is prejudice to the defendants, 347, US 271, 294, (1984) U.S. v. Lowe Fed (1st Cir 1995)

1

The defendant concern and main issues are that a fair trial was not obtained, which is guaranteed by the U.S. Constitution. There is now just to many questions after the action of the trial Judge. We have concerns about Jury tampering, the act of tainting the Jury, or even was Court seeking numerical divisions, to coercion of the Jury to reach a verdict, to a bias court who deliberately influence the Jury, finally the very point of prejudice verdict from a prejudice jury. Which is fundamentally unfair, and lost of equity protection under the law.

A trial Judge has the responsibility of protecting this right to insure that the defendant receives a fair trial. (Neb. press assnn v. Stuart) 427 US 539, 555 (1976)

"Hence in Graves v. State (1974) ma apo. 377 So 2d 1129. Cert den Dia 377 so 2d 1120, reversing a conviction where a trial Judge entered the Jury room and held a short discussion with the Jury after they had been deliberating for 8-10 hours. The court said that the sanctity of the Jury room must remain inviolate as it is the Judges responsibility to maintain that sanctity."

"Reversing a conviction because trial Judge entered into the Jury room during deliberations without the presence of the defendant or counsel. The Court said in Graham v. State of Okla. Crim 337, 121, Led 308, that an ordinary juror is constantly on watch for some slight movement or expression from the trial judge as to what he believes what ought to be the outcome of the trial and the only effort of communication during deliberations is to cause discord among the jurors. That in such instances it is very hard to prove what actually took place there in during the time that the Judge was present."

With this motion we have attached the Court Transcript that the court does bare record the action of this trial Judge. Page 336 "Court: I'm going to take this into the **jury myself**." "This action was fundamentally unfair, and not equity protection under the law."

## 2. **Ineffective Counsel**

Defendant bases ineffective assistance claim upon defendant trial counsels, Julia Nye, and Fabin Braithwaite of the NH Public Defenders Office and Paul Haley, when they failed to appeal these very issues that was a direct violation of the defendants DUE PROCESS RIGHTS.

(a). Where the defendant bases ineffective assistance claim upon the defendant trial counsels failure to object to the Judge and Jury contact during deliberations on January 12, 2001 without counsel present. (Absence of complete record State v. Corrales 1978, Adp 121.)

(b). Where also they failed to defend the defendant when they rested instead of bringing on a defense, witnesses and evidence obtained.

(c). Where also the defendant bases an ineffective assistance claim upon the trial counsels failure to preserve an adequate record of defendant of Judge Groff statements he made to the Jury during the deliberation contact by himself. Strickland v. Washington, 466 US: Well v. Murry, 831 Fed 468, 472 (4th Cir. 1987)

2

(d). Ineffective assistance when counsel failed to poll the Jury and please the Court. (Attached is the court transcript of this action).

"Court said, we're all in your debt because you did not ask to poll the Jury so thank you". Does not the defendants counsel work for the defendant or are they also working together with the prosecutor and Judge to railroad the defendant to prison. Such actions are prejudice to the defendant. Why even bother to have a trial just send them to prison, matter of fact is the Court also stating that there is NO Constitution too. This Court we believe violated the defendants Due Process Rights which are protected by the US Constitution, 5th, 6th, and 14th amendments. This action we believe was a violation of the Judicial Cannons, court rules. As well as a criminal action by the Trial Judge. We also believe this Court action prejudice the jury and if not done a different out come would have happened. (US v. Rivera Santiago 107 Fed 960, 965 (1st Cir. 1997).

We ask this Honorable Court to reverse the conviction be granted on these grounds of the defendant Due Process Rights have been violated and the criminal action of the trial Court harmed the defendant fair and impartial jury trial.

The U.S. Constitution 6th amendment guarantees the right to effective assistance of counsel for their defense. The 6th amendment provides that a criminal accused individual has a right to a trial by an Impartial Jury. The 6th amendment provides the right to a fair trial. A bias court can not give a fair trial which is fundamentally unfair and not equal protection of the law.

Sincerely yours,


Timothy Dupont   PRO-SE



3-5-04
Date

*Timothy Dupont*
Signature (Sign in front of Notary Public)

State of New Hampshire
Merrimack County

The person signing this motion appeared and signed it before me and took oath that the facts stated in this motion are true, to the best of his or her knowledge and belief.

3/5/04
Date

*Becky A. Harding*
Notary Public/Justice of the Peace

BECKY A. HARDING, Notary Public
My Commission Expires January 24, 2006

3