TABLE OF CONTENTS

(1). Notice of appeal.

(2). Pauper Affidavit.

(3). Motion for waiver of filling fee.

(4). Motion to waive rule 7 in part.

(5). Motion for appointment of Counsel.

(6). Affidavit of assests and liabilities.

(7). Direct and Concise Statement; Notice of Decisions Attached.

(8). Brief description of nature of case and results, and specific
     questions to be raised on appeal.

(9). Reference to each specific question raised on appeal.

(10). Court Transcript Evidence; 3 pages attached, 336, 337 & 371.
      (336): Judge Groff action to break sancity of the jury room on
             January 12, 2001 by himself.
      (337): More evidence of his action by his own statement.
      (371): Evidence of Defendents Counsel pleased the Court and
             did not poll the jury.

(11). Hillsborough Superior Court's motions attached.
      Letter to clerk
      Motion to poll Jury and for Counsel. 10/21/03
      Motion to set aside verdict and Mistrial. 12/2/03
      Motion to object to states objection to poll the Jury. 12/12/03
      States Motion 12/5/03
      Motion for new trial. 12/12/03
      Motion of contempt
      Defendents Brief for New Trial- 5 pages

P S  NOTE PAGE 7 SAME JUDGE who did
the ACT ruled on his own illegal Action
this does show the BIAS of the Superior court
AS WELL AS the JUDGE Groffs ACTION.

SUPREME COURT DOCKET NO. _____
NOTICE OF APPEAL
(Rule 7)

Within thirty days from the date on the clerk's written notice of a decision on the merits, unless otherwise provided by law and except as otherwise provided by Rule 7 in criminal and probate appeals, the moving party shall file (a) one copy of this notice of appeal and of the attachments to it with each of the other parties, and with the attorney general in a criminal case; (b) either 2 or 3 copies with the clerk of the lower court depending upon whether a judge, or master and judge, decided the case; and (c) the original and 12 copies with the clerk of the supreme court. The moving party shall pay the filing fee simultaneously with the filing of the notice of appeal.

CASE TITLE (Full Name)
STATE OF NEW HAMPSHIRE

v.

TIMOTHY DUPONT

Which side is the moving party:
plaintiff, defendant, or other?

Defendant

If other, please specify: _____

APPEAL FROM HILLSBOROUGH SUPERIOR COURT
(Municipality or county, and name of court)
Date of: Southern District
(a) clerk's notice: January 29, 2004
(b) sentencing (criminal): April 6, 2001
(c) probate court filing:
Trial Judge; Master; Other:
HONORABLE William J. Groff
Court Reporter or Machine Operator:
Barbara Warman, Karen Dube; L. Belivea
Docket No. below: 00-S873-896; 00-s-926-949;
00-S-954-976

---

If CRIMINAL case, please fill out the following:
Is defendant in jail or prison? yes
If so, where is the defendant incarcerated?
New Hampshire State Prison

What is the sentence? 6 Consecutive 3½-7yrs
Was trial counsel court appointed? yes
Will the appellate defender be handling the appeal?
Yes

Trial Counsel Below:
For Plaintiff or State: Roger Chadwick, Esq.,
Assistant County Attorney
John Harding, Esq. Assisant County Att.
Hillsborough County Attorney's Office
For Defendant: Julia M. Nye, Esq.
Fabian Braithwaite, Esq.
N.H. Public Defenders Office

---

If party is a corporation or association, give the names and addresses of parent, subsidiaries, and affiliates (to extent known):

| | Name | Address | Telephone |
|---|---|---|---|
| MOVING PARTY'S COUNSEL IN SUPREME COURT: | | | |
| OPPOSING PARTY'S COUNSEL IN SUPREME COURT: | Office of the Attorney General State House Annex 33 Capitol St. Concord, NH 03301 | 603-271-3671 |

Number of days of trial: 2          Dates of hearing and/or trial: January 10-12, 2001

Does the moving party waive oral argument? No

List the exhibits necessary to determine the questions raised on appeal: Denied Motions from the Hillsborough Superior Court; December 8, 2003; December 23, 2003 Trial Transcript from January 12, 2001

THE STATE OF NEW HAMPSHIRE
THE SUPREME COURT

MERRIMACK, SS.

STATE of NEW HAMPSHIRE

Vs.                                                          File No.

Timothy Dupont

PAUPER AFFIDAVIT AND
MOTION TO PROCEED IN FORMA PAUPERIS

AFFIDAVIT OF: Timothy Dupont

    I, the above-named affiant, being duly sworn according to law, depose and say that I am the plaintiff/petitioner in the above-entitled proceeding; that I am a citizen of the United States; that I am unable to pay the costs of said proceedings or to give security thereof; that I believe I am entitled to redress; that the information contained in the Financial Declaration attached is true and correct, and that the nature of my action is briefly stated as follows: To appeal new issues not brought up before the New Hampshire supreme court, on the matter of judge and jury contact during deliberations on Jan. 12,2001 without counsels present or a public record of this action to what was said inside the jury room with the judge and jury. Ineffective counsel claim on both levels of defense at the trial and appeal.

    Wherefore, the affiant hereby moves for leave to proceed in forma pauperis.

Date: 2-13-04                                    _Timothy Dupont_
                                                Signature of Affiant

*************

State of New Hampshire
County of Merremack - )SS

Timothy Dupont, being first duly sworn, upon oath presents that he has read and subscribed to the foregoing Motion to Proceed in Forma Pauperis and Financial Affidavit attached and states that the information contained therein is true and correct to the best of his knowledge and belief.

Subscribed and sworn before me this 13th day of Feb, 2004

                                      _Becky A Harding_
                                      Notary Public/Justice of the Peace
                                      BECKY A. HARDING, Notary Public
                                      My Commission Expires January 24, 2006

# THE STATE OF NEW HAMPSHIRE   SUPREME COURT

Trial Court: Hillsborough Superior Docket No.: 00-S-873-876; 00-S-926-949
Southern District                            00-S-954-976

STATE of NEW HAMPSHIRE

v.

TIMOTHY DUPONT

## Motion for Waiver of Filing Fee

NOW COMES the plaintiff/defendant, _____TIMOTHY DUPONT_____,
and moves this Honorable Court to waive the entry fee in the
above-captioned matter.

In support of this motion, it is stated as follows:

1. Not enough funds —indigent _____

_____

2.  Incarcerated _____

_____

3. _____

_____

WHEREFORE, for the above-stated reasons, it is respectfully
requested that this Honorable Court waive the entry fee in this
appeal.

Respectfully submitted,

_____
Name

Copies:  Trial Court
Opposing Counsel

③

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

HILLSBOROUGH     , SS.                    WINTER 2004 TERM
SOUTHER DISTRICT

STATE OF NEW HAMPSHIRE

VS.

TIMOTHY DUPONT

MOTION TO WAIVE RULE 7 IN PART

Now Comes the Appellant in the matter captioned above, pro se, and respectfully moves and states that he has submitted a Notice of Appeal and is without sufficient funds to provide the Honorable Court with the number of conformed copies required by Rule 7. The Appellant has submitted his Affidavit relative to his financial condition. The Appellant has submitted two (2) copies of his Notice of Appeal with the original and has otherwise complied with the Rule by sending conformed copies to the Court below and to Counsel for parties.

WHEREFORE, the Appellant respectfully prays that the Honorable Supreme Court waive the exact requirements of Rule 7 and authorize submission to the Court of the original and two (2) copies and for such other and further relief as in law or equity may appertain or be deemed just.

Respectfully submitted,

TIMOTHY DUPONT

(4)

HILLSBOROUGH _____, ss
Southern District Superior

STATE OF NEW HAMPSHIRE

v.

TIMOTHY DUPONT

Docket No. _____

MOTION FOR APPOINTMENT OF COUNSEL

Now comes the Petitioner, TIMOTHY DUPONT _____, and says:

1. That I am the Plaintiff in the above-captioned matter, and desire the assistance of counsel in the proceedings thereunder to be had before this court.

2. Plaintiff was allowed to proceed in forma pauperis in this cause through the order of this court.

3. That I have insufficient means with which to employ counsel to represent me (Financial Affidavit attached).

4. Plaintiff is not in fact a lawyer, and as such cannot fully represent the issues to be brought before this court for consideration, unless he is appointed counsel to represent him.

5. Plaintiff opines that in the interest of justice, this court should appoint counsel to represent Plaintiff, as Plaintiff cannot represent himself in the case at bar.

6. Without the benefit of a meaningful presentation, Plaintiff will be denied fair and reasonable access to the court to redress what he believes is his rights.

Wherefore, I respectfully request that this Honorable Court;

A. Appoint some suitable attorney to represent me in this matter, said attorney to serve at the public expense.

B. Grant such other and further relief as may be just and proper.

Respectfully Submitted,

Date: 2-20-04

timothy dupont

Post office Box 14
Concord, New Hampshire
03301

# STATE OF NEW HAMPSHIRE
## SUPREME COURT

Docket No._____

State of New Hampshire v. Timothy Dupont

Plaintiff            Defendant

### AFFIDAVIT OF ASSETS AND LIABILITIES

1. Name: Timothy Dupont #31342   DOB: 4-14-60
2. Where do you live? NHSP   PO Box 14 Concord NH 03302
3. Marital Status: __Single ✓Married __Divorced __Separated __Widowed
4. List the names, ages, relationships of dependents you support:

_____
_____

5. If you are presently employed, state where and for how long:

_____
_____
                                          __Full-time __Part-time
6. If unemployed, state last date of employment: 6-20-93 Disabled
7. When do you anticipate new employment? NA
8. If your spouse is presently employed, state where and for how long?

    Granite Bank            6 years
    Antrim N.H.                    ✓Full-time __Part-time
9. If spouse unemployed, state last date of employment:_____
10. List other employed household members and their weekly income:

_____

11. Please state weekly take-home amount:

|                              | Yours      | Spouse's   |
|------------------------------|------------|------------|
| Salary/Wages                 | $          | $ 325.00   |
| Pension/Trust Benefits       | $          | $          |
| Unemployment Compensation    | $          | $          |
| Social Security              | $          | $          |
| Investment Income            | $          | $          |
| Alimony                      | $          | $          |
| Child Support                | $          | $          |
| Welfare Payments             | $          | $          |
| Other MEDICAL ANNU. $485 mo  | $ 120      | $          |
|                   TOTAL      | $ 120.00   | $ 325.00   |

12. What money is presently available to you?

    Cash on hand                                    $ 5.00

    Checking account  Granite Bank                  $ 94.60
                      Name of Bank
    Savings account  Granite Bank - Escrow for Taxes $15. $ 700.00
                      Name of Bank
    Stocks/Bonds/IRA/Pension_____    $

                                         TOTAL  $ 844.60
13. (If you are an inmate) State amount deposited in inmate's account for the last three months: DEC - $41.00, Jan 56.00  Feb 56.00

(6)

14. Please state your monthly household expenses:

| | | | |
|---|---|---|---|
| Rent/Mortgage | $ 800.00 | Clothing | $ 30.00 |
| Property Taxes | $ 175.00 | Transportation | $ 600.00 |
| Heat | $ 150.00 | (including gas, maintenance, insurance, repairs) TRUCK LOAN | |
| Food | $ 125.00 | | |
| Utilities | $ 150.00 | Other | $ 125 mo |
| Medical/Dental | $ 50.00 | (specify: College Loan For | |
| Insurance | $ 35.00 | Daughter | |

TOTAL $ 2240.00

15. List any real estate you own, its market value and the amount you owe: $ 84,000
2000 Double Wide Mobile Home 28,444.00 Land $ 82,900.00 → $ 84,000.00

16. List any vehicles you own (car, truck, motorcycle, snowmobile, RV), their market value and the amount you owe:
97 Ford Ranger $4,000    Owe $1,600.00

17. List income tax paid last year: 1,500.

18. List income tax refund received last year: 800

19. Other than monthly household expenses, list any bills you owe, amount owed, to whom, and monthly payments:


20. Other than those previously mentioned, list anyone to whom you owe money, amount and when it is due: First of Month
Paul Haley $100.00 A month    Owe $1800.00

21. List court-ordered bills (i.e., alimony, judgment in law suit, etc.):
Legal Fees to Cost Containment of N.H.  Approx $4000.00

22. If anyone owes you money, state names, address, amount due, and when due:


23. List any property you have transferred within the last three years, to whom and for what price:


24. List any other assets or expenses not previously mentioned:


**IF YOU NEED ADDITIONAL SPACE TO ANSWER ANY QUESTION ABOVE, ATTACH A SHEET OF PAPER TO THIS FORM AND PROVIDE THE ADDITIONAL INFORMATION ON IT.**

I swear the foregoing information and any information provided by me on any attached sheets is true and correct to the best of my knowledge under penalties of law.

2-13-04 _____    Timothy Dupont _____
Date                    Signature

(The following section must be completed only by inmates.)
I swear under oath that this civil claim has not been previously brought against the same parties or from the same operative facts in any state or federal court. I further swear that the foregoing information and any information provided by me on any attached sheets is true and correct to the best of my knowledge under penalties of law.

2/13/04 _____    Timothy Dupont _____
Date                    Signature
Subscribed and sworn by Plaintiff, before me.

2/13/04 _____    Becky A. Harding _____
Date                    Notary Public

BECKY A. HARDING, Notary Public
My Commission Expires January 24, 2006

A DIRECT AND CONCISE STATEMENT OF THE REASONS WHY A SUBSTANTIAL BASIS EXISTS FOR A DIFFERENCE OF OPINION ON THE QUESTIONS AND WHY THE ACCEPTANCE OF THE APPEAL WOULD PROTECT A PARTY FROM SUBSTANTIAL AND IRREPARABLE INJURY, OR PRESENT THE OPPORTUNITY TO DECIDE. MODIFY, OR CLARIFY AN ISSUE OF GENERAL IMPORTANCE IN THE ADMINISTRATION OF JUSTICE:

ON January 12, 2001 Judge **Groff** brakes the sanctity of the jury room during deliberations when he **entered** the jury room by **himself** without counsel present or public record of such action. This was a due process rights violation of the U.S. 6th Amendment and the N.H. Const. as well which guarantee a right to a fair trial by an impartial jury. We believe the action of the trial court caused a loss of an impartial jury and led to his convition. We cannot know what happen in this Jury room without records. Court must prove which I do not see how without questioning the Jury or any records of what was said to the jury during this illegal action of the trial judge.

---

TITLE OF CASES WITH SIMILAR OR IDENTICAL ISSUES PENDING, OR EXPECTED TO BE ENTERED, IN THE SUPREME COURT (TO EXTENT KNOWN):

---

ATTACH TO THIS FORM THE DECISION BELOW, THE CLERK'S WRITTEN NOTICE OF THE DECISION BELOW, ANY ORDER DISPOSING OF A TIMELY-FILED POST-TRIAL MOTION, THE CLERK'S WRITTEN NOTICE OF ANY ORDER DISPOSING OF A TIMELY-FILED POST-TRIAL MOTION, AND SUCH OTHER PLEADINGS AND DOCUMENTS AS THE COURT NEEDS TO EVALUATE THE SPECIFIC QUESTIONS RAISED ON APPEAL AND TO DETERMINE WHETHER THE APPEAL IS TIMELY FILED. LEGAL MEMORANDA, INCLUDING LEGAL MEMORANDA FILED WITH THE TRIAL COURT, SHALL NOT BE SUBMITTED WITHOUT THE PRIOR APPROVAL OF THE CLERK. INCLUDE A TABLE OF CONTENTS LISTING EACH ATTACHMENT AND REFERRING TO SEQUENTIALLY-NUMBERED PAGES. IF THE PARTIES' REQUESTS FOR FINDINGS AND RULINGS ARE ATTACHED, NOTE ON THE RIGHT SIDE OF PAGE WHETHER EACH REQUEST WAS GRANTED. DENIED, OR NOT RULED UPON [RULE 6(5)]. REGARDING THE TEXT OF RELEVANT CONSTITUTIONAL, STATUTORY, AND OTHER DOCUMENTS, SEE RULE 7(6).

---

## CERTIFICATIONS

1. I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

*Timothy Ray*   Pro-Se
Counsel

2. I hereby certify that copies of this notice of appeal have been served on all parties to the case and have been filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).

Office of the Attorney General

Moving Party or Counsel

1/1/99

⑦

# STATE OF NEW HAMPSHIRE

**HILLSBOROUGH-SOUTH, SS**                    **SUPERIOR COURT**

NOTICE OF DECISION

January 29, 2004

Timothy Dupont
NHSP
PO Box 14
Concord NH 03301

**State v. Timothy Dupont**

Docket #:
00-S-0873

Please be advised that on 12/08/2003 Judge Groff made the following
order relative to:

**Court Order ;**
  "See copy of enclosed order."

Marshall A. Buttrick, Clerk
30 Spring Street
Nashua, NH 03061-2072
603-883-6461

cc:  County Attorney/Roger C Chadwick J
     Public Defender/Julia Nye
     Cindy Crompton

AOC Form SUSP050 (Rev. 08/14/2003)

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**                                                    **SUPERIOR COURT**
**SOUTHERN DISTRICT**                                                    **No. 00-S-0873**

STATE OF NEW HAMPSHIRE

v.

TIMOTHY DUPONT

## ORDER

The defendant's Motion for appointment of counsel is DENIED. The defendant appealed this matter to the New Hampshire Supreme Court, and the conviction was affirmed. The defendant has no constitutional right to counsel in regard to his present motion.

The defendant's motion to poll the jury is DENIED. The verdict was rendered almost three (3) years ago. He has set forth no basis in law or fact to justify such a request.

So ordered.

December 8, 2003

_____
WILLIAM J. GROFF,
Presiding Justice

WJG/mrs

# STATE OF NEW HAMPSHIRE

## HILLSBOROUGH-SOUTH, SS                    SUPERIOR COURT

NOTICE OF DECISION

January 29, 2004

Timothy Dupont
NHSP
PO Box 14
Concord NH 03301

### State v. Timothy Dupont

Docket #:
00-S-0873

Please be advised that on 12/23/2003 Judge Groff made the following
order relative to:

**Court Order ;**
   "See copy of enclosed order."

Marshall A. Buttrick, Clerk
30 Spring Street
Nashua, NH 03061-2072
603-883-6461

cc: County Attorney/Roger C Chadwick J
    Public Defender/Julia Nye
    Cindy Crompton

AOC Form SUSP050 (Rev. 08/14/2003)

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**
**SOUTHERN DISTRICT**

**SUPERIOR COURT**
**No.  00-S-0873**

STATE OF NEW HAMPSHIRE

v.

TIMOTHY DUPONT

### ORDER

The defendant's two requests for a new trial are DENIED.  The defendant's motion does not set forth the factual basis for claiming a violation of his constitutional rights.  Statements which are mere conclusions of law are insufficient to set forth a basis for relief.


So ordered.

December 23, 2003

_____
WILLIAM J. GROFF,
Presiding Justice

WJG/mrs

BRIEF DESCRIPTION OF NATURE OF CASE AND RESULT: Defendant was seeking legal remedy from violation of the defendents DUE PROCESS RIGHTS, that are protected by both the N.H. Constitution Article 15; part 1 and the U.S. Constitution, 5th, 6th, and 14th amendments. The issue now raised is the ineffective assistance of counsel at trial and on appeal. The defendent tried to raise these issue of the Judge and jury contact in the jury room during deliberations without counsels present or a court recorder to record such action. This is a violation of Due Process rights to a fair trial by an impartial jury. where was the defendents fundemetal fairness in this action, where was the Equal protection by the law? Defendent was deinied a evidentary hearing and refused motions on this matter. The motion was denied by same Judge accused, and this is also not fundamentaly fair and a lack of equal protection under the law as well as a bias decision and a conflict of interest.

STATUTE, ORDINANCE, REGULATION, RULE, OR OTHER LEGAL AUTHORITY UPON WHICH THE CLAIM OF CIVIL OR CRIMINAL LIABILITY WAS BASED.

N.H. Constitution Art. 15; part 1; U.S. Constitution 5th, 6th, and 14th amendments;  Crimial Law 868; Judicial cannon rules 1,2, and 3.

SPECIFIC QUESTIONS TO BE RAISED ON APPEAL, EXPRESSED IN TERMS AND CIRCUMSTANCES OF THE CASE, BUT WITHOUT UNNECESSARY DETAIL. SEE RULE 7(7). STATE EACH QUESTION IN A SEPARATELY NUMBERED PARAGRAPH. SEE RULE 16(3)(b).

1. Whether the trial court erred in denying the defendents motion for a new trial after showing evidence and facts of this action of the Trial Judge Groff contact with the Jury during deliberation without Counsel present?

2. Whether the trial Judge action caused an impartial jury, did it also taint the jury, did it tamper the jury or did he seek a numerical division of the jury to coercion of the jury to induce a decision?

3. Whether the court erred in denying the defendents motion for Counsel so he could defend his motion in court?

4. Whether defendents Counsel at trial was ineffective with the failure of keeping record of this action for further appeals?

5. Whether the defendents trial counsel  was ineffective when they please the trial court and did not poll the jury after this action ?

6. Whether defendents counsel Paul Haley was ineffective when he failed to bring this very issue at the appeals?

7. Whether the Hillsborough County Superior court erred when did not allow the defendent to raise theses factual basis claiming the Constitution rights both at the state level and U.S. level were indeed violated not giving us a fundamentaly fairness and equal protection under the law and gave the motions to the Judge accused of this action?

⑧

WITH REFERENCE TO EACH SPECIFIC QUESTION RAISED ON APPEAL, IDENTIFYING THE QUESTION
ITS NUMBER, SPECIFY:

(A) the proper standard of review to be applied by the court to the question citing relevant authority;
(B) the parts of the proceeding you would designate the court reporter to transcribe, or whether an adequate writt
substitute could be provided in place of a transcript; and
(C) the case(s) most relied upon to support the moving party's position:

L

1. Violation of the Defendents due process rights to appeal.
   (a). Criminal Law 868 was commited by the same party who
   ruled on motions.  Abuse of Power.  Judge Groff should
   of recuse himself.  Bias court ruling.  Judicial Cannon
   violation of ethics.

   (b). Order on December 8, 2004, and December 23, 2004.

   (c). N.H. Constition Part First- Bill of Rights; Article 14

2. Abuse of discreation and power, viewing prejudice jury.
   (b). Judge and jury contact without counsel present or
   a public record of what happened inside jury room. January 12, 01

   (c). Criminal Law 868; N.H. Constitution Part First- Bill of Right
   Article 15; Judicial Cannon rules 1,2, and 3; U.S Constitution
   5th, 6th, and 14th Amendments. U.S v. Cowan, U.S. v. Santago,
   N.H. v. Rideout.

3. (a). Abuse of Bill of Rights.

   (b). Order on December 8, 2004.

   (c). N.H. Constitution Part First- Bill of Rights; Article 14;
   and the U.S. Constitution 6th amedments.

4. (a). Failure to be effective counsel.

   (b). January 12, 2001, during trial deliberations.

   (c). N.H. Constitution Part First- Bill of Rights; Article 15;
   and the U.S Constitution 6th Amendment, Strikland v Washington
   State v. Corrales, State v. Staples.

5. (a). Failure of effective Counsel.

   (b). January 12, 2001, hearing.

   (c). N.H. Constitution Part First- Bill of Rights; Article 15;
   and the U.S. Constitution 6th Amendment, State v. Anaya.

If the most extensive transcript designated above were ordered by the court, what is the court reporter's estimate (obtain
directly from the trial court clerk) of the number of pages and the cost thereof:

Pages: 892    Cost: 3,345.33
THIS COURT ALREADY HAS TRIM

6.  (a). Failure to be effective on appeals.

    (b). N.H. Supreme Court January 2002.

    (c). N.H. Constitution Part First- Bill of Rights; Article 15
    and the U.S. Constitution 6th Amendment, State v. Anaya.

7.  (a). Deny of defendents Due Process and Post conviction Rights.

    (b). December 8, 2004 & December 33, 2004 orders.

    (c). N. H. Constitution Part First- Bill of Rights; Articles
    14 and 15. U.S. Constitution 5th, 6th, and 14th amendments.
    Judge Groff was the acting party and should not of ruled on
    his own misconduct, he should of recused himself, and the Court
    should of given to another Judge.

Defendent asked for help by Counsel and was denied.  The defendent
is not a Legal Counsel and has limited amounts of time to seek
the proper case law.  We were running out of time and did as best
as we could.  We ask the court to forgive the type and if anything
is not understanble.   We thank this Honorable Court and pray
that you will award me effective counsel.

336

Your Honor's busy, but I will contact the Sheriff's Department immediately.

THE COURT:     Look.  This is pretty good.  I can read that.  Do you have any objection me just signing this and sending these two (2) in together?

MR. BRAITHWAITE:  No.

MS. NYE:       That's fine.

MR. HARDING:   That's fine.  Can you just make, inferences, clearer.  I know it's inferences.  It just seems to be a T instead of an F.

THE COURT:     I've had two (2) people taken off.

MS. NYE:       Hmm?

THE COURT:     I've had two (2) people take off during jury verdicts, during deliberations.  One was a second degree homicide.  Probably 10 years ago.

MR. HARDING:   What was his name?

THE COURT:     [Kamboritis].  The other one was a guy on a drug charge and the jury came back with a not guilty verdict.  I'm going to take this into the jury myself.  Okay.  We'll take a short recess.

        (RECESS)

337

**AT THE BENCH**

MR. HARDING:    They have the instructions with them?

MR. BRAITHWAITE:  They're going to have to refer to the instructions.

MS. NYE:        Yeah.

THE COURT:      Well, I don't, you see, I don't want to put that in there.  I just tell them that when they got out there, you know.

MR. BRAITHWAITE:  That's not a unanimity.

THE COURT:      I told them, I instructed them, but I don't have it in the written instructions, I never have.

MR. BRAITHWAITE:  So, the verdict in this case must be unanimous?

THE COURT:      I'm going to do even worse than that.  I'm going to say that --

MR. BRAITHWAITE:  Why do they underline one, do you suppose?

THE COURT:      Because, obviously, there is one.  I'm going to tell them this:  The verdict must be unanimous.  This means that all 12 of you must agree on each verdict, whether it is guilty or not guilty.

MR. BRAITHWAITE:  On each Indictment.

THE COURT:      Do you think that's clear?

371

**AT THE BENCH**


THE COURT:      We're all in your debt because you didn't

                ask us to poll the jury, so thank you.

MS. NYE:        I was thinking about it.

THE COURT:      I thought you might be.  I'm going to

                schedule a sentencing hearing and we're just

                going to see what happens.  I've been

                through this before and the fact that he's

                missing doesn't prevent me from sentencing

                him.

MS. NYE:        Understood.

THE COURT:      So --

MS. NYE:        I guess I might as well request a PSI.

THE COURT:      Okay.  That will be interesting.  On the

                other occasions I've done this, so I'll

                order that, plus the sentencing hearing.

MR. CHADWICK:   And a capias as been issued and his bail's

                been revoked, so we're clear on that.

THE COURT:      Yeah.  Okay.

MR. CHADWICK:   Okay.  Thank you.


        **(CASE SUBMITTED)**

Timothy Dupont
#31342
NH State Prison
P.O. Box 14
Concord, NH 03302

December 03, 2003

RE: Timothy Dupont,
State of NH v. Timothy Dupont
Hillsborough, SS. Superior Court            00-S-873, ET AL
Southern District

Dear Clerk,

On September 11, 2003, I sent a request for a copy of my complete
Court Index, a copy was sent but it was not a complete record.  Please
again I request a accurate record index.  Also we are still waiting for
the tape records of January 12, 2001.  We have sent a Money Order for
$50.00 for both of theses tapes.  Finally, we have not as of yet recieved
the Jury Questionary copies we have requested.  We are trying to appeal
and this delay is a hinderance, please can you send me these as soon as
possible thank you.

Finally we also sent a notarized motion to you on  October 21, 2003 in
which we still have not heard from your court.  This motion was with an
attached income affad. for Counsel,  the Motion was for to Poll the Jury
and Effective Counsel. Did you receive this?

With this letter we have send a second Notarized Motion.
Motion for a Mistrial, and set aside the verdict.

Thank you

Timothy Dupont

SUPERIOR COURT

Hillsborough, ss. County                                Case No. 00-S-873

In the matter of   State v Dupont

MOTION   Appointment of Counsel; Poll the Jury.
                    (Briefly describe purpose of motion)
Your Name   Timothy Dupont

A.   What orders do you want the court to make?
1.   Grant to POLL JURY.

2.      Grant an effective Counsel.

3.

B.   Why should the court make these orders? (List each reason separately.)
1.   Did Judge Groff, erred when he entered the jury room during
     delibarations by himself, without counsel present or record taken?
2.   My due process rights were violated, and the NH. Constitution
Part1 Art. 15, and US Constitution, 5th, 6th, 14th Amendments
3.   Right to an impartial Jury. Right to an impartial Judge,
     without prejudice. Right for effective Counsel.
4.   Was this error, like I believe it was Prejudice the jury,
     Tampered the jury, causing defendant harm.
5.   Was Counsel ineffective, when she pleased court and not poll
     the Jury? As well as not keeping adequate record of this?

C.   I certify that a copy of this motion was this day mailed/given to (insert names) (lawyer
for other side, if any) (other side, if no lawyer) (guardian ad litem) (OCS, if State is a party)
(insert names):   Hillsborough County Atty. John Coughlin

_____

10-21-03                                    Timoth Dupont
Date                                        Signature (Sign in front of Notary Public or Justice of the Peace)

State of New Hampshire
Merrimack          County

The person signing this motion appeared and signed it before me and took oath that the facts
stated in this motion are true, to the best of his or her knowledge and belief.

10/21/03                                    Becky A. Harding
Date                                        Notary Public/Justice of the Peace
SC-M-97
                                            BECKY A. HARDING, Notary Public
                                            My Commission Expires January 24, 2006

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillsborough, SS County                                    Case No. 00-S-873

In the matter of  State v. Dupont

MOTION  Mistrial; Set aside the verdict

(Briefly describe purpose of motion)

Your Name  Timothy Dupont

A.   What orders do you want the court to make?
1.   Grant to set aside the verdict.

2.   Grant defendant a mistrial.

3.

B.   Why should the court make these orders?  (List each reason separately.)
1.   Due Process rights violated. N.H. Constitution Part 1; Art 15
     U.S. Constitution, 5th; 6th; 14th Amendments.
2.   Judge to Jury contact during deliberations by himself.

3.   Ineffective counsel, failure to keep adequate record.

4.   Counsel Failure to set aside verdict.

5.   Counsel failure to poll jury.

C.    I certify that a copy of this motion was this day mailed/given to (insert names) (lawyer
for other side, if any) (other side, if no lawyer) (guardian ad litem) (OCS, if State is a party)
(insert names):   Hillsborough County Atty. John Coughlin

_12-03-03_                                       _Timothy Dupont_
Date                                             Signature (Sign in front of Notary Public or Justice of the Peace)

State of New Hampshire
_Merrimack_            County

The person signing this motion appeared and signed it before me and took oath that the facts
stated in this motion are true, to the best of his or her knowledge and belief.

_12/2/03_                                        _Becky A. Harding_
Date                                             Notary Public/Justice of the Peace
SC-M-97

BECKY A. HARDING, Notary Public
My Commission Expires January 24, 2006

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillborough, SS   County                    Case No. __OO-S-873 ET, A

In the matter of **State of NH v. Timothy Dupont**

MOTION   OBJECTION TO THE STATES OBJECTION TO POLL JURY.
(Briefly describe purpose of motion)

Your Name Timothy Dupont-

A.    What orders do you want the court to make?
1.    Deny the States Motion to Objection for the defendant
      Motion to poll Jury.
2.    Schedule a hearing on this objection;

3.    Grant such further relief as may be just and proper.


B.    Why should the court make these orders?  (List each reason separately.)
1.    See Attached type Letter.

2.

3.

4.

5.


C.    I certify that a copy of this motion was this day mailed/given to (insert names) (lawyer
for other side, if any) (other side, if no lawyer) (guardian ad litem) (OCS, if State is a party)
(insert names):

        Roger Chadwick, ACA Assistant County Attorney

   12-12-03                              _____
   Date                                  Signature (Sign in front of Notary Public or Justice of the Peace)

State of New Hampshire
Merrimack       County

The person signing this motion appeared and signed it before me and took oath that the facts
stated in this motion are true, to the best of his or her knowledge and belief.

   1-12/03                               Becky A. Harding
   Date                                  Notary Public/Justice of the Peace
   SC-M-97

BECKY A. HARDING, Notary
My Commission Expires Janu     , 2006

TIMOTHY DUPONT PRO-SE

HILLSBOROUGH, SS                                         December 12, 2003
Superior Court OO-S- 873, et al
Southern Disctrict

STATE OF NEW HAMPSHIRE
V.
TIMOTHY DUPONT

## DEFENDANT'S OBJECTION TO THE STATES OBJECTION TO DEFENDANTS MOTION TO POLL THE JURY.

I Timothy Dupont, with respect to this Honorable court notifies
that he objects to the states motion of objection,
of the Defendant's motion to poll the jury in this matter.

(1.) Defendant needs to poll the Jury is necessary action to determine
the accuracy of the verdict. A trial Judge must have discretion when
ruling in a court of law  Judicial Cannons 1,2,3; NH Constitution
part 1; art15, and the US constitution, 5th, 6th, 14th amendments.
A Trial Judge have the responsibilty of protecting this right to
ensure that the defendant receives a fair trial.
Neb. Press Assn v. Stuart, 427 US 539,555 1976

When Trial Judge Groff, enters the Jury room during deliberations
on Jan. 12,2001, without Counsel present, and inwhich there was no
record of what was said at this meeting.  This is highly unusall
and highly prejudical to the defendant.  This action of Trial Judge
Groff brings up many questions of Legal due process rights where
in fact violation of the US. Const. 6th amendment.

"trial by an impartial jury of the state and district wherein the crime
shall have been committed" wells v. Murray 831 F 2d 468, 472 (4th Cir 8

The main issues are Jury Tampering, Sancity of the jury room was
violated, prejudice verdict, Bias Court, Influnces on the JURY.
A tainted Jury. US. v Scisum 32 f3d 1479, 1484 (loth cir 1998)

## CRIMINAL LAW 868
When party makes colorable claim the jury maybe baised and tainted
by extraneous influences by the trial Judge without counsel present
or public record of what was said at this contact is bias, and
prejudice to the defendant.  It applies that the court must prove this.

A. Deny the states objection to poll the jury.
B.  Grant tye defendant motion to poll the jury.
C.  Schedule a hearing on this matter.
D. Grant such further relief as may be just and proper.

RESPECTFULLY SUBMITTED,
TIMOTHY DUPONT  PRO SE



THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                    December Term, 2003
SUPERIOR COURT 00-873 et al                          Southern District

STATE OF NEW HAMPSHIRE
V.
TIMOTY DUPONT

<u>STATE'S OBJECTION TO DEFENDANT'S MOTION TO POLL THE
JURY</u>
<u>STATE'S NON-OBJECTION TO APPOINTMENT OF COUNSEL</u>

NOW COMES the State of New Hampshire, through the Office of the

Hillsborough County Attorney to respectfully notify the Honorable Court

that it objects to the defendant's request to poll the jury in this matter but

does not object to his request for counsel. In support, the State submits as

follows:

1. Mr. Dupont was convicted of 69 counts of sexual abuse. His appeal

to the New Hampshire Supreme Court was denied. He has since filed various

motions with the Federal District Court and with this Court. His most recent

motion to this Court requests that the jury be polled and that counsel be

appointed.

2. The defendant does not specify as to exactly why he wants the jury,

dismissed almost two years ago, to be polled. His motion indicates that Judge

Groff may have spoken with the jury off the record (this being contrary to

Superior Court Rule 77-B (a)). The State objects to any polling of the jury at

this time.

- 2 -

3. The defendant appears to request that new counsel be appointed. The State has no objection to the appointment of new counsel if the Court deems him eligible for such appointment. New counsel may be better able to clarify and advocate any legitimate issues that the defendant may need to bring before the court

WHEREFORE, the State of New Hampshire respectfully requests that this Honorable Court:

A. Deny the Defendant's Motion to poll the jury;

B. If the defendant is eligible for appointed counsel, appoint new counsel to review any outstanding issues in his case;

C. Schedule a hearing on this objection;

D. Grant such further relief as may be just and proper.

Respectfully submitted,

Roger Chadwick, ACA
Assistant County Attorney

Certificate of Service

I certify that the foregoing motion has been forwarded to Timothy Dupont at the New Hampshire State Prison on the 5th day of December, 2003.

Roger Chadwick, ACA

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Hillsborough, SS County                          Case No. 00-S-873

In the matter of _State of NH v. Timothy Dupont_

MOTION _Requesting a New Trial_
(Briefly describe purpose of motion)

Your Name _ Timothy Dupont

A.   What orders do you want the court to make?
1.   _grant the defendant a new trial_

2.   _Grant prior motions._

3.

B.   Why should the court make these orders?  (List each reason separately.)
1.   _Violation of defendants due process rights, NH_
     _US constitution, 5th; 6th; 14th Amendments._
2.   _Ineffective Counsel, Failure to keep adequate records._
     _State v Staples, Wilson v State of Okla. 1975 534 P2d, 1325_
3.   _Contact between Judge and Jury during deliberartion_
     _with out Counsel present or record of what was said._
4.   _) contamination by Extraneous Influnces_
     _US v. Lowe, 45 F3d 45,48 (1st Cir. 1998)_
5.   _Trial Judge has the responsibility to protect the right_
     _to ensure that the defendant receives a fair trial_
          _Neb. Press v Stuart, 427, US 539, 555 (1976)_
C.   I certify that a copy of this motion was this day mailed/given to (insert names) (lawyer for other side, if any) (other side, if no lawyer) (guardian ad litem) (OCS, if State is a party) (insert names):

     _Roger Chadwick, ACA Assistant County Attorney_

_12-12-03_                        _Timothy Dupont_
Date                              Signature (Sign in front of Notary Public or Justice of the Peace)

State of New Hampshire
_Merrimack_ County

The person signing this motion appeared and signed it before me and took oath that the facts stated in this motion are true, to the best of his or her knowledge and belief.

_12/12/03_                        _Becky A. Harding_
Date                              Notary Public/Justice of the Peace
SC-M-97

BECKY A. HARDING, Notary Public
My Commission Expires January 24

SUPERIOR COURT

HILLSBOROUGH, SS County                              Case No. 00-S-873

In the matter of   State of NH. v. Timothy Dupont

MOTION   To put this court in contemp.

(Briefly describe purpose of motion)

Your Name Timothy Dupont

A.   What orders do you want the court to make?

1.   A response to Motion filed on Oct. 21, 2003 notarized
     and mailed to this court, to poll jury and effective counsel.

2.   A response to the Motion filed on Dec. 3 , 2003 notarized
     and mailed to this court, to set aside verdict and mistrial.

3.   Order the Court Clerk to send transcript tape records that
     we already paid for and ordered 60 days ago.

B.   Why should the court make these orders?  (List each reason separately.)

1.   A response is necessary within 30 days after submission of
     motion, and this Honorable court has failed to respond within

2.   this given time.  (Admission of Silence)

3.   DUE PROCESS VIOLATION of the NH Const. Part 1; Art. 15
     and the US Const. 5th, 6th, and 14th amendments.

4.

5.

C.   I certify that a copy of this motion was this day mailed/given to (insert names) (lawyer
for other side, if any) (other side, if no lawyer) (guardian ad litem) (OCS, if State is a party)
(insert names):

     Hillsborough County Atty. Roger J Hadrick, one assistant

_1-13-04_                                    _____
Date                                         Signature (sign in front of Notary Public or Justice of the Peace)

State of New Hampshire
_Merrimack_ County

The person signing this motion appeared and signed it before me and took oath that the facts
stated in this motion are true, to the best of his or her knowledge and belief.

_1/13/04_                                    _Becky A. Harding_
Date                                         Notary Public/Justice of the Peace
SC-M-97

BECKY A. HARDING, Notary Public
My Commission Expires January 24, 2006

5.

**STATE OF N.H.**

**V**

**Timothy Dupont**

**February 08, 2004**

CASE #00-S-873

**(DEFENDANT'S BRIEF) MOTION FOR A NEW TRIAL**

The U.S. Constitution 6th amendment guarantee the right to effective assistance of counsel for their defense.

(a). A counsel performance should not fail below an objective standard of reasonableness.

(b). A counsel deficienct performance prejudicial the defendant resulting in an fundamentally unfair out come of trial proceedings.

**Rule #105  Counsel for the defendant failed to motion court to set aside verdict.**
**Rule #114  Presence of counsel during Jury deliberations.**

Defendant bases ineffective assistance claim upon defendant trial counsels, Julia Nye and Fabian Braithwaite of the N.H. Public Defenders Office, Nashua, N.H. Did they erred when failed to defended effectively?

(1). Where the defendant bases the ineffective assistance claim upon defendant trial counsels, failure to object to the Judge and Jury contact during deliberation on January 12, 2001, without counsel present.

Contact between the Judge and Jury raises special consideration. A Judge has a discretion in replying to request or inquires from a Jury, but should consult counsel before responding and should only do this in open court.
U.S. v. Cowan, 819 Fed 89, 93 (5th Cir 1987); U.S. v Neff, 10 Fed 1321, 1324 (7th Cir 1993); U.S. v Dean, 76 Fed 329, 334 (10th Cir 1990); U.S. v. Tipton, 90 Fed 861,874-75 (3rd Cir 1996); U.S. v Barred, 134 Fed 1270, 1283 (6th Cir 1998); U.S. v. Rivera Santingo, 107 Fed 980 (1st Cir 1997).

(2). Where also defendant bases ineffective assistance claim upon the trial counsels, failure to preserve an adequate record of defendant trial on January 12, 2001, when they failed to record the trial Judge Groff statements he made to the Jury during the deliberations by himself.
Strickland v. Washington, 466 U.S. 668; Well v. Murray, 831 Fed 468. 472 (4th Cir 1987).

This was a violation of defendant due process rights according to the N.H. Constitution part I; art.15 as well as the U.S. Constitution of the 5th, 6th, and 14th amendments.

1

The U.S. Constitution sixth amendment provides that a criminal accused individual has a right to trial by an Impartial Jury, fundamentally fairness and equal protection under the law.

Defendants counsel failed to preserve record of trial Judge Groff entering the Jury room by himself to influence the Jury during deliberations. This error caused the defendant great harm to appeal of this act of tainted Jury, Jury tampering, and prejudice the Jury. This action caused a loss of an impartial Jury, fundamentally fairness and equal protection under the law.
U.S. v. Gonzales Maldonado, 115 Fed 9, 17 (1st Cir 1997)

"Holding that a new trial should be granted where a Judge visited the Jury room, not withstanding his motive was honest and his communication with the Jury was limited to his telling them that if they desired and information on matters of law they should come to the Court and ask for it. The Court in Hoberg v. State (1959) 3 Minn 262. Said that a Judge has no more right to communicate with the Jury after he has retired than or any other person and the Court must look upon. The Judge visit in this case in the same light that it would view the entry of any third person into the Jury room while the Jury was in consultation. The Court stated that a Judge can have NO communication with the Jury, nor give them the Lease information, except in open court, in the presence of or after due notice to the District Attorney and the prisoner or His Counsel. The Court concluded that it could not guard so dangerous a practice as was here to strictly. Reversible error was held to have resulted from a Judicial visit to the Jury room during deliberations in State v. Mims (1975) 306 Minn 159,235 NW2d 381."

We cannot know what happen in this Jury room without records. Court must prove which will not be able to without records. This is prejudicial to defendant on appeals as well as fundamentally unfair and not equal protection of the law.

(3). Ineffective assistance when counsel failed to poll the Jury, and pleased the Court With this lack of action defendant will never know what was said. Court said, **"we're all in your debt because you didn't ask to poll the Jury, so thank you"**.

Defendant also bases the claim of ineffectiveness on Counsel Julie Nye. Failure to object in a timely manner which caused defendant to lose fairness with the Jury. Defendant requested Counsel to ask for a motion to mistrial on the very first day of trial, she waited later in trial which was to late.

Where also defendant claims of ineffectiveness of Counsel, where they removed the severance of the 69 indictments. Stating to defendant it would be much easier for her to defend Counsel rested without giving a defense at all! She had access to evidence and witnesses to defend. This caused the Jury to be highly prejudice because of the amount of indictments and cause defendant great harm in future appeals. This is not looking out for the defendants Best Interest.

2

**Did Court erred when He told defendant counsel to return to their seats and rest?**

**(c). "An undue tendency to induce a decision against the Defendant"**
State v. Haley, 141 NH 541; State v Collins, 138 NH 217; State v Shannon, 125 NH 653; State v Etzweiler, 125 NH 57.

(4) Finally the only direct evidence was the tape made under duress and coercion which was an error of the Court to allow in, N.H. Supreme Court agreed with this! (N.H. v. Dupont 149). Second, The testimony of prosecutor witnesses was not reliable and lack consistent testimony. Other evidence was hearsay, and circumstantial which was a fabrication and with effective Counsel, defendant could of proved this! (State v. Yates 137 N.H. 495)

Defendants transcripts alone shows the great number of errors and misconduct of of Counsel and Court, and that the defendant had a mistrial. An unfair trial and lack of an impartial Jury. The defendant counsels lack of defense was ineffective. On these facts shown defendant counsel performance fell below objective standards and reasonableness. Which this highly prejudiced the Jury, and gave defendant an unfair outcome. With effective Counsel the outcome of this trial would had been different.

Did the Trial Judge Groff erred when he entered the Jury room by himself with out Counsel or any recorder present? What was said, and we will never know, as well as just the presence of the Judge is intimidation. Court, **"I'm going to take this into the Jury myself. Okay".** Recess

This ia a Violation of the Judicial cannon laws of rules 1, 2, 3, and of the U.S. Constitution 6th,5th, and 14th amendments. As well as N.H. State Constitution Art 15 part 1. **We believe the Court tainted, tampered, and prejudice the Jury by this action.**

**Criminal law 868**

"When party makes colorable claim the Jury maybe bais or tainted by extraneous contact by a Judge without counsel present, or a public record of what was said. This contact is Bias and Prejudice to the defendant it applies that now this Court must prove this. (U.S. v Rivera Stantiago 107 Fed 960,965(1st Cir 1997) Abuse of discretion when Trial Judge entered Jury room during deliberations by himself."

Contamination by extraneous influences. (Remer v. U.S.) The Supreme Court held that and unapproved private communication, contact or tampering with the Juror during a criminal trial is prejudicial. 347, U.S. 271,294, (1984) U.S. v. Lowe 45 Fed (1st Cir 1995)

Judge Groff, broke the sanctify of the Jury Room, which should not had been done. The Judge broke his own rules of conduct. His actions had highly prejudice

3

the Jury by his presence alone, not including defendant Counsel have no idea what was said or done. We believe this act was a tampering of the Jury and tainted the Jury and coercion to reach a conviction  U.S. v. Strickland  and  U.S. v. Washington.

A state trial Judge's inquiry into the numerical Division for the Jury may constitute grounds for Federal Habeus Corpus Relief. If such inquiry is shown to coerce the Jury to reach a verdict. A Judge who concludes that the Jury cannot overcome a deadlock may, after informing counsel decline a mistrial.
Wells v. Murray 831 Fed 468 1477 (1st Cir 1982)

Transcript page 337, after Judge goes into the Jury shows his tampering and coercing. After he knows of the numerical division of the Jury because he was in the Jury room. Court, "I'm going to do even worst than that. I'm going to say that **–missing what he say's.** Counsel says "Why do they underline one, do you suppose?" Court, **"Because obviously, there is one.** I'm going to tell them this. The verdict must be unanimous. This means that all 12 of you must agree on each verdict, whether it is guilty or not guilty." How does Judge know of numerical one unless he enter Jury room during deliberation?

**Influences on the Jury,** right to trial by a impartial jury. U.S. Const. 6th amendment "Trial by an impartial jury of the State and District wherein the crime shall have been committed". In the absence of indication to the contrary juror's are presumed to be impartial. Wells v. Muray.

**Trial judges have the responsiblty of protecting this right to ensure that the defendant receives a fair trial.** Neb. press assn v. Struart 427 U.S. 539, 555 (1976)

"Hence in Graves v. State (1974) Ma apo. 377 So 2d 1129. Cert den Dla 377 So 2d 1120, reversing a conviction where the trail judge entered the jury room and held a short discussion with the jury after they had been deliberating for 8 to 10 hours. The court said that the sanctity of the jury room must remain inviolate as it is the judges responsibiliy to maintain that sanctity."

"Reversing a conviction because trial Judge enter into the jury room during deliberations without the presence of the defendant or counsel. The court said in Graham v. State okla. Crim 337, 121, Ped 308, that an ordinary juror is constanity on watch for some slight movement or expression from the trial judge as to what he believes ought to be the outcome of the trial and the only effect of communication during deliberations is to cause discord among the jurors. That in such instances it is very hard to prove what actually took place there in during the time that the Judge was present."
People v. Olson (1975) 66 Mich App 197, 238 NW2d 579. State v Mulphy (1908) 17 ND 48,115 NW 84. Graham v. State (1942) 73 Okla Crim 337, 121,P2d 308. State v. Wroth (1896) 15 wash. 7d 621, 47 P 106.

**The Judge was not lawful right to be present.**

4

Absence of complete record.  State v. Corrales (1978,Adp) 121 Aril 104, 588 P2d 846.  Cosldwell State (1976, Fla Adp D2) 340 So 2d 490.  Coley v. State (1983, Fla Adp D2) 431 So2d 194.  That where 12 is unable to determine what additional instructions a Jury actually receives in an separate communication by the trial Judge.

Transcript page 337, Court, " I told them, I instructed them, but I don't have it in the written instructions, I never have."

(a).  We ask this honorable Court to grant and set aside the verdict.
(b).  To grant a mistrial on the grounds of defendant due process rights  have been violated and the criminal action of the Court harmed the defendant fair and impartial jury trial.  Which is a violation of the defendant N.H. State Constitution Art 15 Part 1, and also the U.S. Constitution 5th, 6th, and 14th amendments.  We have shown evidence of ineffective assistance.  A bias Court had tampered, prejudice, tained, and coerce the Jury.  Sanctity of the jury room was violated and no record to bare witness of this action of the Judge is highly prejudicial to the defendant, as well as fundmentally unfair and lost of equal protection under the law.
(c).  To grant a defendant a new trial.
(d).  Grant such further relief as may be just and proper.

5