```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

TIMOTHY DUPONT,                 )
         Plaintiff,             )
                                )
     v.                         )  C.A. No. 04-10507-REK
                                )
STATE OF NEW HAMPSHIRE,         )
         Defendant.             )
```

                      MEMORANDUM AND ORDER

   For the reasons stated below, this action is dismissed.

                           BACKGROUND

   On March 11, 2004, plaintiff Timothy Dupont, an inmate at New Hampshire State Prison in Concord, New Hampshire, filed a motion for waiver of the filing fee and a document titled "Motion to Create a Panel of Three Judges On These Constitutional Issues."  He claims that his Sixth Amendment rights were violated during his criminal trial in New Hampshire state court because the trial judge allegedly visited the jury room during jury deliberations and because he allegedly received ineffective assistance of counsel.  Motion, p. 1-3.  He requests that his state court convictions for 69 counts of sexual abuse be reversed because of these alleged defects in his criminal trial.  Id. at p. 3; Exs.

                            ANALYSIS

   I.  Plaintiff's Fee Waiver Application Is Denied

   A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an

application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914(a) ($150.00 filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications.

The submission of an application to proceed without prepayment of fees does not relieve prisoner litigants from their obligation to pay the full amount of the filing fee; it simply allows them to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). When prisoner-plaintiffs submit applications to proceed in forma pauperis, the Court must assess an initial partial filing fee towards the $150.00 filing fee. Prison officials are then directed to collect monthly payments from the prisoner-plaintiff's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full. Id.

Dupont has submitted a "pauper affidavit" and a motion for waiver of the filing fee, but has not submitted a certified prison account statement and thus, the Court lacks the necessary information to assess an initial partial filing fee under Section 1915(b)(1). The Court will not grant Dupont additional time to file a certified prison account statement

2

because the complaint is subject to dismissal but will direct the Clerk to enter a notation on the docket stating that Dupont has not paid and still owes the full filing fee for this action.

    II.   The Court May Screen This Action
          Pursuant to Sections 1915 and 1915A

A district court must dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. Dupont's complaint lacks an arguable basis in law for the reasons stated below.

    III.  The Three-Judge District Court
           Provisions of Section 2284 Do Not Apply

Section 2284 of title 28 authorizes the convening of a three-judge district court to consider constitutional challenges to district apportionment or to the apportionment of any statewide legislative body. 28 U.S.C. § 2284;[1] City of Philadelphia v.

---

[1] Section 2284 provides, in relevant part:

(a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an

Klutznick, 503 F. Supp. 657, 658 (E.D. Pa. 1980). Because Dupont's claims do not involve either issue, but instead involve his criminal convictions, Section 2284 is thus inapplicable and plaintiff's request for a three judge panel is denied. City of Philadelphia v. Klutznick, 503 F. Supp. 657, (E.D. Pa. 1980) (denying motion; legislative history indicates that Congress intended to reduce sharply the class of cases requiring the convening of a three judge court).[2]

### IV. Dupont May Only Challenge His Conviction Through a Petition For a Writ of Habeas Corpus

To the extent that the "motion" may be read as an attempt to bring a civil rights action, it is not the appropriate means to challenge Dupont's conviction.[3] As a general rule, a

---

    action is filed challenging the constitutionality of the
    apportionment of congressional districts or the
    apportionment of any statewide legislative body.

28 U.S.C. § 2284(a).

[2] Former Section 2281 provided that an interlocutory or permanent injunction restraining the enforcement of a state statute could not be granted unless the application was heard and determined by a three-judge district court. 28 U.S.C. § 2281 (1976). However, Section 2281 was repealed in 1976, see Pub.L. 94-381, § 3, 90 Stat. 1119, and thus may not be applied here.

[3] Moreover, to the extent that the complaint could be read as seeking a declaratory judgment concerning Dupont's convictions, the Court also lacks jurisdiction over his claims. The Declaratory Judgment Act, 28 U.S.C. § 2201, standing alone, is not a basis for federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (§ 2201 does not provide an independent source of jurisdiction).

prisoner challenging the very fact or duration of his physical imprisonment and seeking a determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws rather than through a civil rights action.  See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (where prisoner sought damages, not speedier release, for allegedly unconstitutional conviction, prisoner had no cause of action under § 1983 because success of suit would effectively invalidate his underlying conviction and sentence); Edwards v. Balisok, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under § 1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).  Thus, to the extent that Dupont's complaint may be read as an attempt to bring a civil rights action challenging his conviction, it is subject to dismissal.  Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998) (affirming dismissal; the exclusive method of challenging an allegedly unconstitutional state conviction in the lower federal courts is by means of a habeas corpus action, civil tort actions are not appropriate vehicles for challenging the validity of

outstanding criminal judgments).[4]

## CONCLUSION

ACCORDINGLY, this action is dismissed under 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above.

The Clerk is directed to enter a notation on the docket stating that Dupont has not paid and still owes the full $150.00 filing fee for this action.

SO ORDERED.

Dated at Boston, Massachusetts, this 6th day of April, 2004.

> s/ Robert E. Keeton
> ROBERT E. KEETON
> SENIOR UNITED STATES DISTRICT JUDGE

---

[4]The Court does not read the "motion" as a petition for a writ of habeas corpus.  In any event, because Dupont has previously filed a Section 2254 habeas petition that is currently on appeal in the First Circuit, any such habeas petition would be "second or successive," and this Court would thus lack jurisdiction over it.  See, e.g., Dupont v. Prison Warden, C.A. No. 03-00287-SM (denying petition), appeal filed Dupont v. Coplan, No. 03-2377 (pending); 28 U.S.C. § 2244(b)(3)(A) (habeas applicant must file a motion in the court of appeals before filing a "second or successive" habeas petition); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (the requirement that a motion to file a "second or successive" habeas petition be filed in the court of appeals is an allocation of subject-matter jurisdiction to that court); Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999) (district court may not consider a "second or successive" habeas application absent proper authorization from the court of appeals).